12 F.3d 1102
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Kou Nmn LEE, Petitioner,
v.
IMMIGRATION IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-2561.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 18, 1993.
Filed: December 2, 1993.
 
 Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Kou Lee petitions for review of the Board of Immigration Appeals (BIA) order dismissing his appeal from the immigration judge's (IJ) finding that he was deportable and ineligible for relief from deportation. We affirm.
 
 
 2
 Lee is a native and citizen of Laos who entered the United States as an immigrant on March 31, 1980. Lee was charged by a grand jury with five counts of unlawfully distributing opium, in violation of 21 U.S.C. Sec. 841(a)(1) and (b)(1)(c); and one count of using a firearm during a drug trafficking crime, in violation of 18 U.S.C. Sec. 924(c)(1). Lee pleaded guilty on October 18, 1991, to using a firearm during a drug trafficking crime. He was sentenced to eighteen months incarceration.
 
 
 3
 Based on this conviction, the Immigration and Naturalization Service (INS) charged Lee with deportability pursuant to section 241(a)(2)(C) and (A)(iii) of the Immigration and Nationality Act [8 U.S.C. Sec. 1251(a)(2)(C) and (A)(iii) ], as amended. In an oral decision, the IJ found that Lee was deportable under section 241(a)(2)(C) of the Act because he had been convicted of using a firearm in violation of federal statutes, and he was deportable under section 241(a)(2)(A)(iii) because he had been convicted of an aggravated felony. The IJ found Lee was ineligible to apply for asylum or withholding of deportation (under sections 208(a) and 243(h)) because he had been convicted of an aggravated felony, and he was ineligible for relief under section 212(c) because of his firearm offense. Lee was ineligible for adjustment of status (under section 245(a)) because, without a parent or sibling who was a United States citizen, he was not immediately eligible for a visa.
 
 
 4
 The BIA dismissed Lee's subsequent appeal, finding that Lee was deportable because he had been convicted of a crime for which an essential element is the use of a weapon, and because he had been convicted of an aggravated felony. The BIA also found that Lee's conviction and deportability precluded him from establishing statutory eligibility for any form of relief from deportation.
 
 
 5
 In his timely appeal, Lee argues first that his conviction upon his guilty plea to using a firearm during a drug trafficking crime was a drug offense rather than a firearm violation, so he is not deportable under section 241(a)(2)(C). The elements of the offense of using a firearm during a drug trafficking crime are (1) "that the defendant committed the underlying crime," (2) "that the defendant 'used' or 'carried' a weapon," and (3) "that the use or carriage of the weapon was 'during and in relation to' the drug trafficking crime." United States v. Nicholson, 983 F.2d 983, 990 (10th Cir. 1993). "Any alien who at any time after entry is convicted under any law of ... using ... or carrying, in violation of any law, any weapon ... is deportable." 8 U.S.C. Sec. 1251(a)(2)(C). Upon his guilty plea, Lee was convicted under 18 U.S.C. Sec. 924(c) of using or carrying a firearm; therefore, he is deportable under section 241(a)(2)(C).
 
 
 6
 Lee also argues that the IJ and the BIA erred in determining that he was ineligible for a section 212(c) waiver because his section 924(c) violation made him deportable as a firearm violator. Lee argues again that his offense was a drug offense, which would make him eligible for section 212(c) relief. Authority under section 212(c) to waive grounds for excluding returning aliens also applies to comparable grounds of deportability. Campos v. Immigration and Naturalization Serv., 961 F.2d 309, 312-15 (1st Cir. 1992). The grounds for exclusion referenced in section 212(c), however, do not include firearm violations. See 8 U.S.C. Sec. 1182(a),(c). Lee was convicted of using a firearm during a drug trafficking crime; thus, he is not eligible for a section 212(c) waiver.
 
 
 7
 Finally, Lee argues that he is eligible for an adjustment of status under section 245(a). That section conditions the granting of permanent resident status to an alien on the immediate availability of an immigrant visa. Immigration and Naturalization Serv. v. Miranda, 459 U.S. 14, 15 (1982). As the BIA noted, Lee "did not present evidence that he is the recipient of an approved visa petition, or that a petition has been filed on his behalf." (Tr. at 8.) Thus, he did not show that an immigrant visa was immediately available. Further, Lee's conviction for using a firearm during a drug trafficking crime encompassed a drug violation as well as the illegal use of a firearm, see Nicholson, 983 F.2d at 990, and renders him ineligible for adjustment of status. See 8 U.S.C. Sec. 1255a(d)(2)(B)(ii); 8 U.S.C. 1182(a)(2)(C).
 
 
 8
 Accordingly we affirm.